UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROYAL AMOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00224-JPH-MJD |
| | ) | |
| DICK BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY GRANTING MOTION TO DISMISS AND
DIRECTING ENTRY OF FINAL JUDGMENT**

Royal Amos's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case WVD 18-11-0035. The sanctions against Mr. Amos included a temporary loss of certain privileges, three months' confinement in disciplinary restrictive housing, the deprivation of 90 days' earned credit time, and a demotion in credit-earning class. Dkt. 7-3. The suspended penalties of credit-time deprivation and credit-class demotion have not been enforced, *see* dkt. 10-9 at 14, and the time for doing so has passed.

Pursuant to Indiana Department of Correction (IDOC) policy, a suspended sanction may not be enforced more than six months after the disciplinary action where the sanction was imposed. *See* dkt. 7-7 at 37. Mr. Amos was sanctioned at a disciplinary hearing on November 14, 2018. *See* dkt. 7-3. Because IDOC did not enforce the sanctions within six months of the hearing, it is now foreclosed from enforcing them. Respondent moves to dismiss the petition on the basis that Mr. Amos has not and will not suffer a deprivation of the type that can be redressed in a Section 2254 action. Dkt. [7].

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). To be considered "in custody" for purposes of a challenge to a prison disciplinary conviction, the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.") (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)); *Honig v. Doe,* 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted).

This action is now moot because WVD 18-11-0035 has not affected—and cannot affect moving forward—the fact or duration of Mr. Amos's custody. The IDOC may no longer apply the suspended sanctions that resulted from this case.

A moot case must be dismissed for lack of jurisdiction. *Bd. of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S.

2

83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L. Ed. 264 (1868)).

Therefore, the respondent's motion to dismiss, dkt. [7], is **GRANTED**, and Mr. Amos's petition is **dismissed for lack of jurisdiction**. Mr. Amos's motion for discovery, dkt. [9], is **DENIED as moot**.

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 2/5/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROYAL AMOS
953731
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov